# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| R2 SOLUTIONS LLC, | ) ) ) CASE NO. 4:21-cv-00092 |
| *Plaintiff*, | ) ) |
| v. | ) HON. AMOS L. MAZZANT, III ) |
| TARGET CORPORATION, | ) ) ) |
| *Defendant*. | ) ) ) |

**DEFENDANT TARGET CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

## TABLE OF AUTHORITIES

**FEDERAL CASES**    Page(s)

*Accuhale LLC v. AstraZeneca LP*,
   2013 WL 12322594 (E.D. Tex. Mar. 27, 2013) ................................................................4

*Adaptix, Inc. v. HTC Corp.*,
   937 F. Supp. 2d 867 (E.D. Tex. 2013)..............................................................................3

*AGIS Software Dev. LLC v. Huawei Device USA Inc.*,
   2018 WL 2329752 (E.D. Tex. May 23, 2018)....................................................................2

*Centre One v. Vonage Holdings, Corp.*,
   2009 U.S. Dist. LEXIS 69683 (E.D. Tex. Aug. 10, 2009) ..................................................5

*GeoTag, Inc. v. Aromatique, Inc.*,
   2013 WL 8349856 (E.D. Tex. Jan. 14, 2013).....................................................................5

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020).........................................................................................2

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)..............................................................................3, 4, 5

*In re Hoffman-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009).........................................................................................1

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009).....................................................................................2, 5

*In re Vistaprint Ltd.*,
   628 F.3d 1342,1346 (Fed. Cir. 2010).................................................................................5

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) .................................................................................1, 2, 4

*KT Imaging USA, LLC v. HP Inc.*,
   2021 U.S. Dist. LEXIS 35071 (E.D. Tex. Feb. 25, 2021) ..................................................4

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
   2010 WL 3855520 (E.D. Tex. Sept. 30, 2010)...................................................................2

*Oyster Optics, LLC v. Coriant Am. Inc.*,
   2017 WL 4225202 (E.D. Tex. Sept. 22, 2017)...................................................................2

*Phil-Insul Corp. v. Reward Wall Sys., Inc.*,
    2012 WL 12836668 (E.D. Tex. Feb. 10, 2012) .................................................................3

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
    2012 WL 506669 (E.D. Tex. Feb. 15, 2012) .....................................................................4

R2's response only confirms that transfer to the District of Minnesota is appropriate. Unlike this Court, the transferee court has (1) absolute subpoena power over unwilling witnesses, (2) is more convenient for other witnesses and information, and (3) has a strong local interest. R2's arguments fail to tip the scales, and the case should thus be transferred.

**Only the District of Minnesota has *absolute* subpoena power over unwilling witnesses.** As R2 admits, "[t]he Fifth Circuit values *absolute* subpoena power when deciding motions to transfer." D.I. 27 at 12. R2's only alleged unwilling witness, Paul Reidy, lives in Austin, which is more than 100 miles outside the Eastern District of Texas. *Id.* at 10-11. Because this Court "cannot compel [his] attendance at a deposition within the district and any such subpoena issued to [him] is subject to a motion to quash[,]" *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009), Mr. Reidy is outside the absolute subpoena power of this Court. That this Court could deny a motion to quash does not alter the analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316-17 (5th Cir. 2008).

In contrast, the District of Minnesota has absolute subpoena power over two unwilling witnesses—Jim Musil and Raja Ramachandran. Both men were "key developers" of the accused Target Search System (D.I. 21-2, ¶¶ 5-7), and thus have relevant, material knowledge regarding that system.[1] As R2 admits, Target may "identify *potential* unwilling witnesses" as long as it also "identif[ies] the relevancy and materiality of the information such witnesses would provide." D.I. 27 at 11. Target has made the "relevant showing" by "identif[ying] an established pool of likely third party witnesses as to whom the [transferee

---

[1] R2's pleading and response even confirm Mr. Ramachandran's importance to this case. *See* D.I. 28-7 (presentation by Mr. Ramachandran regarding Target's implementation of Solr); *see also* D.I. 27 at 5 (citing Ex. 7).

venue] clearly exercises compulsory process." *Oyster Optics, LLC v. Coriant Am. Inc.*, 2017 WL 4225202, at *6 (E.D. Tex. Sept. 22, 2017); (D.I. 21-2, ¶¶ 5-7).

As R2 concedes, the fact that Mr. Ramachandran and Mr. Musil do not work for Target means this Court "assumes that they are unwilling witnesses." D.I. 27 at 12-13; *see AGIS Software Dev. LLC v. Huawei Device USA Inc.*, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2018) (finding that "[a]bsent any indication that the third-party Google witnesses are willing," the Court "must presume utilization of the Court's subpoena power will be required"). Because only the transferee venue has "absolute subpoena power" over unwilling non-party witnesses, this factor favors transfer. *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, 2010 WL 3855520, at *5 (E.D. Tex. Sept. 30, 2010).

**Only the District of Minnesota favors the relative ease of access to sources of proof.** R2 does not identify *any* documents in the Eastern District of Texas. Thus, it is uncontested that "[n]either [R2] nor [Target] have any relevant documentation or any other evidence in the Eastern District of Texas[.]" *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). R2 attempts to muddy this factor with two ineffective arguments. First, R2 argues that electronic documents can be accessed anywhere, D.I. 27 at 7, but such an attempt to "render this factor superfluous" is contrary to law. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). Next, R2 asserts that "relevant proof is also scattered across the country," but does not point to any *non-witness* evidence that exists in any place other than Minnesota. D.I. at 8. The location of witnesses is irrelevant to this factor, which "relates to the ease of access to non-witness evidence[.]" *See In re Apple Inc.*, 979 F.3d 1332, 1339-40 (Fed. Cir. 2020). Finally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I.

21-1, ¶ 8; D.I. 21-2, ¶ 10, and that the review of source code involves highly confidential, sensitive material that will require in-person, restricted physical access at the offices of Target's counsel, in Minnesota. *See, e.g.*, Ex. A. Where, as here, Target has "identified several specific categories of documents that will be available in the [transferee forum]," and R2 has failed to identify *any* documents in this forum, "this factor **weighs heavily in favor of transfer**." *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013).

**R2's response confirms that the District of Minnesota is a more convenient location for willing witnesses.** The District of Minnesota is a more convenient location for the 19 identified Minnesota employees, the Ohio employee, and the Pennsylvania employee. D.I. 21 at 10. By contrast, R2 has identified *no* willing witnesses in the Eastern District of Texas.[2] Additional Target-employee witnesses and non-party witnesses in California, Washington, and India "will be required to travel a significant distance no matter where they testify" and, thus, are neutral for this factor. *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009). Because R2 does not contest that a "substantial number of material witnesses reside in the transferee venue" and that "no witnesses reside in the transferor venue[,]" this factor "**heavily favors transfer**[.]" *Phil-Insul Corp. v. Reward Wall Sys., Inc.*, 2012 WL 12836668, at *2 (E.D. Tex. Feb. 10, 2012).

**The District of Minnesota has a stronger local interest in this case.** R2 does not identify a single employee in this district and concedes, by its silence, that it has *forfeited* its right to transact business in Texas. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* D.I. 27-2. Nor could it, as R2 cannot transact business in Texas. At most, R2 indirectly identifies two individuals—but does not

---

[2] R2 admits that *unwilling* witness, like Mr. Reidy, are not relevant to this factor. D.I. 27 at 13.

argue that they are located in this district. D.I. 27-1, 27-2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exs. B-C. R2's vague generalities regarding the potential impact of "online shopping" and "'big-box retailers'" on small businesses cannot establish a local interest, D.I. 27 at 4-5, as they "could apply virtually to any judicial district or division in the United States[,]" *see In re Volkswagen of Am., Inc.*, 545 F.3d at 318; *see also* D.I. 21 at 15. In contrast, R2 admits that Target has "***extensive ties*** to the District of Minnesota," D.I. 27 at 6, which indeed it does, D.I. 21 at 3, 14-15. Because R2's alleged ties here "are not as strong as [Target's] ties to the [District of Minnesota]," this factor favors transfer. *Accuhale LLC v. AstraZeneca LP*, 2013 WL 12322594, at *5 (E.D. Tex. Mar. 27, 2013); *see also Wireless Recognition Techs. LLC v. A9.com, Inc.*, 2012 WL 506669, at *6 (E.D. Tex. Feb. 15, 2012) (local-interest factor "weighs in favor of transfer" where defendants were headquartered in transferee forum and plaintiff was "incorporated in Austin, but is now headquartered within the Eastern District of Texas").

**R2's speculative court statistics cannot outweigh the clear convenience of a transfer to the District of Minnesota.** The court-congestion factor is "the most speculative" factor, because "case-disposition statistics may not always tell the whole story." *In re Genentech*, 566 F.3d at 1347. "Given the unpredictable nature of the pandemic, how it has impacted and continues to impact court dockets," R2's statistics "should be taken with a grain of salt." *KT Imaging USA, LLC v. HP Inc.*, 2021 U.S. Dist. LEXIS 35071, at *16 (E.D. Tex. Feb. 25, 2021). Indeed, R2's opposition is nothing more than baseless speculation. Moreover, R2 admits that the District of Minnesota has resumed trials. *See* D.I. 27 at 2-3. "[W]hen, as here, several relevant factors weigh in favor of

transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *In re Genentech*, 566 F.3d at 1347.

**R2 cannot manipulate venue through alleged common issues.** R2's assertions regarding common issues are unsupported, D.I. 27 at 13-14, and fail to "point[] to any 'common issues' that would not be present in all infringement cases (i.e., claim construction)." *GeoTag, Inc. v. Aromatique, Inc.*, 2013 WL 8349856, at *5 (E.D. Tex. Jan. 14, 2013). "Although [R2] asserts [the '610 Patent] in each case, none of the cases involve related defendants or overlapping products or services[,]" *id*., and none of the asserted patents are related. Indeed, R2 failed to even address that Target's system does not share common factual issues with other defendants' systems, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 21-1, ¶ 11. Because R2's tactic would allow a plaintiff to "manipulate venue by serially fil[ing] cases within a single district[,]" this Court should "not permit the existence of separately filed cases to sway its transfer analysis." *GeoTag*, 2013 WL 8349856, at *5. This factor is neutral. *Id*.

R2's cited cases are inapposite,[3] as neither denies a motion to transfer in the face of factors, such as those discussed here, *supra* 1-4, heavily weighing in favor of transfer. Thus, respectfully, this Court should grant Target's motion to transfer venue to the District of Minnesota because Target has shown that the District of Minnesota is a clearly more convenient venue. *Nintendo*, 589 F.3d at 1198.

---

[3] *Centre One v. Vonage Holdings, Corp.*, 2009 U.S. Dist. LEXIS 69683 (E.D. Tex. Aug. 10, 2009), involved multiple defendants in the ***same*** case and the ***same*** accused products, where "***all*** relevant and contested factors weigh[ed] against transfer." *Id*., at *26. In *In re Vistaprint Ltd.*, 628 F.3d 1342,1346 (Fed. Cir. 2010), the district court had "bec[o]me very familiar with the only asserted patent" during a prior litigation and "no defendant party [was] actually located in the transferee venue[.]" *Id*. at 1346-47. *Vistaprint* was limited to these unique circumstances. *Id*. at 1347 n.3.

Dated: May 27, 2021                              Respectfully submitted,

                                          */s/ Doowon Chung*
Lauren Steinhaeuser (admitted to EDTX)
Minnesota Bar No. 0392477
Lauren.Steinhaeuser@faegredrinker.com
Doowon Chung (admitted to EDTX)
Minnesota Bar No. 0397413
Doowon.Chung@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Ctr. 90 S. Seventh St.
Minneapolis, Minnesota 55402
Tel: (612) 766-6879
Fax: (612)766-1600

Roger D. Sanders
TX State Bar No. 17604700
rsanders@somlaw.net
J. Michael Young
TX State Bar No. 00786465
myoung@somlaw.net
**SANDERS, MOTLEY, YOUNG & GALLARDO**
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133
(903) 892-4302 (fax)

***Counsel for Defendant, Target Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2021, I caused a copy of the foregoing document to be filed electronically with the Clerk of the Court using the CM/ECF system.  A complete and unredacted copy of this document was served on all counsel of record on this date via electronic email.

    /s/ Doowon Chung

**CERTIFICATE OF MOTION TO SEAL**

The undersigned hereby certifies, pursuant to Local Rule CV-5, that a Motion to Seal Target's Reply in Support of its Motion to Transfer has been filed.

    /s/ Doowon Chung