# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| R2 SOLUTIONS LLC, § § *Plaintiff,* § v. § § TARGET CORPORATION, § § *Defendant.* § | Civil Action No. 4:21-cv-92 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Target Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. #21). Having considered the Motion, the Court finds the Motion should be **DENIED**.

## BACKGROUND

This is a patent infringement case filed in the Eastern District of Texas ("EDTX"). On January 29, 2021, R2 Solutions LLC ("R2 Solutions") sued Target Corporation ("Target") for infringing the "patents-in-suit": U.S. Patent Nos. 8,190,610 ("the '610 patent"), 8,341,157 ("the '157 patent"), and 7,698,329 ("the '329 patent"). R2 Solutions alleges that the Target.com search engine ("Target Search") and Target's data analysis system ("Target Big Data") infringe these patents.

R2 Solutions is a Texas limited liability company located in Frisco, Texas (Dkt. #1 at p. 1). R2 Solutions owns the patents-in-suit and all substantial rights (Dkt. #1 at p. 6). These patents were filed by Yahoo! Inc. ("Yahoo"), which is headquartered in California (Dkt. #1 at p. 5).

Target is a Minnesota corporation with a regular and established place of business located at 3255 Airport Road, Denton, Texas 76207 (Dkt. #1 at p. 1).

On May 5, 2021, Target moved to transfer to the District of Minnesota (Dkt. #21). On May 19, 2021, R2 Solutions responded (Dkt. #27). On May 27, 2021, Target replied (Dkt. #34). On June 4, 2021, R2 Solutions filed its Sur-Reply (Dkt. #38).

## LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 313 (5th Cir. 2008). However, there is a strong presumption in favor of a plaintiff's choice of his or her home venue, "which may be overcome only when the private and public factors [cited below] clearly point towards trial in the alternative forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *Id.* (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed,' or whether all parties have consented to a particular jurisdiction." *E-Sys. Design, Inc. v.*

*Mentor Graphics Corp.*, 4:17-CV-00682, 2018 WL 2463795, at *1 (E.D. Tex. June 1, 2018) (quoting *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004)). If the threshold inquiry is satisfied, "the focus shifts to whether the party requesting the transfer has demonstrated the 'convenience of parties and witnesses' requires transfer of the action, considering various private and public interests." *Int'l Fidelity Ins. Co. v. Bep Am., Inc., et al.*, A-17-CV-973-LY, 2018 WL 2427377, at *2 (W.D. Tex. May 29, 2018) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974)).

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Volkswagen II*, 545 F.3d at 315 (citations omitted); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Vivint La., LLC v. City of Shreveport*, CIV.A. 14-00617-BAJ, 2015 WL 1456216, at *3 (M.D. La. Mar. 23, 2015) (quoting *Volkswagen I*, 371 F.3d at 203).

**ANALYSIS**

The threshold inquiry under § 1404(a) is whether the suit could originally have been filed in the destination venue. *Volkswagen II*, 545 F.3d at 312. It is undisputed that this suit could have been brought in the District of Minnesota. With the threshold inquiry satisfied, the Court considers the private and public interest factors. *Id.* at 315.

## I. Private Interest Factors

### A. *Relative ease of access to sources of proof*

The Court finds that the relative ease of access factor favors transfer. This factor concerns the ease of access to documents and other physical evidence. *In re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020). Most evidence in patent infringement cases comes from the defendant so "the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genetech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). While evidence is increasingly available electronically, the Court still considers the physical locations of evidence. *Volkswagen I*, 545 F.3d 304, 316 (5th Cir. 2008).

Most of the physical evidence in this case is likely in Minnesota, where Target is headquartered. Target maintains its documents and a data center in Minnesota and so the evidence is more easily accessed in the District of Minnesota. *See KT Imaging USA, LLC v. HP Inc.*, 4:20-CV-337, 2021 WL 734979, at *2 (E.D. Tex. Feb. 25, 2021) (weighing this factor somewhat in favor of transfer to California, where defendant was based and housed most of its physical evidence). While the physical evidence is in Minnesota, the majority of evidence is stored in a cloud environment and accessible from anywhere (*See* Dkt. #27 at p. 11). "Storing documents in a cloud setting reduces the burden of transporting documents to a selected venue." *KT Imaging USA, LLC v. HP Inc.*, 4:20-CV-337, 2021 WL 734979, at *2 (E.D. Tex. Feb. 25, 2021). Still, the Court gives weight to the physical location of documents and other evidence. *See id.* As the physical evidence is in Minnesota, this factor weighs in favor of transfer.

### B. *Availability of compulsory process to secure the attendance of witnesses*

The Court finds this factor neutral. Under the Federal Rule of Civil Procedure 45, a court may exercise its subpoena power to compel witnesses to attend a trial, deposition, or hearing if it is:

(A) within 100 miles of where the person resides, is employed, or regularly transactions business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person,
    i. is a party or a party's officer; or
    ii. is commanded to attend a trial and would not incur substantial expense

FED. R. CIV. P. 45(c)(1). Target has the burden to establish that the District of Minnesota has subpoena power over more unwilling witnesses than this Court. *See Evolutionary Intel., LLC v. LivingSocial, Inc.*, No. 6:12-CV-00789, 2013 WL 12213000, at *4-*5 (E.D. Tex. Aug. 27, 2013). This Court has compulsory process over Paul Reidy. The District of Minnesota has compulsory process over at least two unwilling witnesses, Jim Musil and Raja Ramachandra.

#### i. *Witnesses within Texas*

This Court would have compulsory process over Paul Reidy, R2's non-party witness (Dkt. #27 at p. 14). Reidy previously owned R2 Solutions and has relevant evidence for R2's damages case (Dkt. #27 at p. 14). Reidy resides in Austin, Texas, which is more than 100 miles outside of EDTX (Dkt. #27 at p. 15). Thus this Court has compulsory process over Reidy only if he would not incur substantial expenses if commanded to attend trial. FED. R. CIV. P. 45(c)(1)(B). As R2 pledges to pay expenses for Reidy if necessary, Reidy would not incur a substantial expense. *See KT Imaging USA, LLC v. HP Inc.*, No. 4:20-CV-337, 2021 WL 734979, at *4 (E.D. Tex. Feb. 25, 2021). As such, the Court has compulsory process over at least one unwilling witness.

>> ii. *Witnesses within Minnesota*

Target identifies two potential nonparty witnesses who live in the District of Minnesota: Raja Ramachandran and Jim Musil (Dkt. #21 at p. 8). Target asserts these men were "key developers" of the accused product "and thus have relevant, material knowledge regarding that system." (Dkt. #34 at p. 4). The District of Minnesota has absolute subpoena power over two unwilling witnesses.

That being said, the District of Minnesota only has subpoena power over one more witness than EDTX. Additionally, despite having the opportunity to do so in their Reply, Target does not definitively state if the witnesses will be deposed, called to trial, or both. Contrarily, R2 Solutions states that will call on Reidy. Considering both the relative absolute subpoena power of the districts and Target's ambiguity, this factor is neutral.

> C. *Cost of Attendance for Willing Witness*

The Court finds that this factor slightly favors transfer. According to the Fifth Circuit's 100-mile rule, "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204. However, this rule "should not be rigidly applied where witnesses will be required to travel a significant distance no matter where they testify." *In re Apple Inc.*, 979 F.3d at 1342.

"The convenience of witness is probably the single most important factor in transfer analysis." *In re Genetech, Inc.*, 566 F.3d at 1342 (quoting *Neil Bros. Ltd.*, 425 F. Supp. 2d at 329). The Court considers (1) who are the most relevant witnesses and (2) where they reside. *E-Sys. Design, Inc.*, 2018 WL 2463795, at *3. To avoid double-counting, unwilling non-party witnesses considered in the analysis for the second private factor are not considered for this factor. *AGIS*

6

*Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-CV-00513-JRG, 2018 WL 2329752, at *7 (E.D. Tex. May 23, 2018).

    *i.*  *Witnesses in Texas*

EDTX is a more convenient location for the Target employee living in Fulshear, Texas. While Fulshear is several hours away by car from Sherman, it is easier for the employee to drive a few hours than to fly to another state. *See KTI*, No. 4:20-CV-337, 2021 WL 734979, at *5.

    *ii.*  *Witnesses in Minnesota*

The District of Minnesota is more convenient Target's Minnesotan employees. Although Target argues this should heavily favor transfer, Target does not identify whether any of these employees "would actually be called to testify" or describe "the importance and relevance of their testimony." *See Cypress Lake Software, Inc. v. HP Inc.*, No. 6:17-CV-00462-RWS, 2018 WL 4100767, at *4 (E.D. Tex. June 27, 2018) (finding this factor neutral where defendant identified former employees without knowing if they would be called, or what they would testify). This undercuts Target's argument.

    *iii.*  *Witnesses elsewhere in the United States*

Both districts are equally inconvenient for the potential witnesses based in California and Washington. They "will be required to travel a significant distance no matter where they testify." *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009). Still, Target then argues that its employees in Lakewood, Ohio and Reading, Pennsylvania support transferring the case to Minnesota. But these employees will have to travel a long way for either venue—Lakewood is 745 and 1,117 miles away from Minneapolis and Sherman, respectively, while Reading is 1,124 and 1,420 miles away from Minneapolis and Sherman, respectively (Dkt. #21 at p. 10). Either venue requires travel well in excess of 100 miles. Neither venue is particularly convenient because, either way, these

employees "will likely have to leave home for an extended period of time and incur travel, lodging, and related costs." *In re Apple Inc.*, 979 F.3d at 1342.

The District of Minnesota is slightly more convenient for the nonparty witness in Sioux Falls, South Dakota. Although Sioux Falls is more than 100 miles away from either district, it is significantly closer to Minnesota than Texas (Dkt. #21 at p. 10).

          *iv.*      *Witnesses outside of the Country*

Both districts are equally inconvenient for international witnesses because they "will be required to travel a significant distance no matter where they testify." *In re Genentech*, 566 F.3d at 1344.

Both venues will be inconvenient for some. Still, this factor weighs slightly in favor of transfer because Minnesota is more convenient for Target's Minnesotan employees and the non-party witness in Sioux Falls. The factor only slightly favors transfer because Target has not stated whether any of these potential witnesses will definitively testify and EDTX is more convenient for at least one potential witness.

    **D.**    *All other practical problems that make trial of a case easy, expeditious, and inexpensive*

The Court finds this factor is against transfer. This factor serves as a catchall for concerns that may weigh for or against transfer, like judicial economy. *GeoTag, Inc. v. Aromatique, Inc.*, 2013 WL 8349856, at *5 (E.D. Tex. Jan. 14, 2013); *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 6:09-CV-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010). Judicial economy can weigh against transferring a case when doing so would cause overlapping issues being simultaneous adjudicated in different districts. *In re Vistaprint Ltd.*, 528 F.3d 1342, 1345 (Fed. Cir. 2010).

This case is one of several related suits in EDTX. The patents asserted against Target overlap with one or more patents asserted in these related cases (*Compare* 4:21-cv-92, Dkt. #1,

*with* No. 4:21-cv-174, Dkt. #1; No. 4:21-cv-122, Dkt. #1; No. 4:21-cv-123, Dkt. #1; No. 4:21-cv-89, Dkt. #1; No. 4:21-cv-90, Dkt. #1; No. 4:21-cv-91, Dkt. #1; *and* No. 4:21-cv-93, Dkt. #1). R2 asserts the same patents against Walmart in EDTX and anticipates relying on similar evidence for both Target and Walmart (Dkt. #27 at p. 19). Hence, "although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources." *In re Volkswagen*, 566 F.3d at 1351. It would be inefficient for numerous districts across the country to resolve similar disputes based on the same patents. *See Centre One v. Vonage Holdings, Corp.*, 2009 U.S. Dist. LEXIS 69683, at *24 (E.D. Tex. Aug. 10, 2009) (holding that defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora").

## II. Public Interest Factors

### A. *Administrative difficulties flowing from court congestion*

The Court finds this factor weighs against transfer. The Court may consider the average speed with which a case comes to trial and resolution. *In re Genetech, Inc.*, 566 F.3d at 1347. The Federal Circuit has cautioned that this factor "appears to be the most speculative." *Id.*

The median time to trial for a patent case is 5.12 years in the District of Minnesota but only 2.40 years in the Eastern District of Texas (Dkt. #27 at p. 2 (citing Docket Navigator)). While this Court has been regularly conducting jury trials for months, the Chief Judge of the District of Minnesota has acknowledged "a backlog of civil cases." (Dkt. #38, Exhibit 1). Target does not dispute the slower time to trial in Minnesota (*See* Dkt. #21 (ignoring this factor)). These statistics illustrate significant differences and weigh against transfer.

B.  *Local interest in having local issues decided at home*

The Court finds this factor neutral. "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Affinity Labs of Texas v. Samsung Electronics Co.*, 9689 F. Supp. 2d 852, 855 (E.D. Tex. 2013) (citing *Volkswagen I*, 371 F.3d at 206). The local interest factor "regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connection between a particular venue and the events that give rise to a suit.'" *In re Apple Inc.*, 979 F.3d at 1345 (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)).

Both parties agree that the District of Minnesota has an interest in hearing this case. Target has been headquartered in Minneapolis, Minnesota since 1962 (Dkt. #21 at p. 14). The suit potentially implicates Target's reputation and its local employees, creating a local interest.

But this Court also has in interest in hearing this case. This district has a "significant connection" to this case because R2 has a principal place of business here (Dkt. #27 at p. 5). *See Cooktek Induction Sys., LLC v. I/O Controls Corp.*, 4:15-CV-548-ALM, 2016 WL 4095547, at *3 (E.D. Tex. Aug. 2, 2016).

Therefore, after weighing the local interest of both districts, the Court finds this factor neutral.

C.  *Familiarity of the forum with the law that will govern the case*

Both judicial districts are equally familiar with the law governing this case. This factor is neutral.

D.  *Avoidance of unnecessary problems of conflicts of laws*

This case does not present any problems of conflicts of laws or issues related to applying foreign law. This factor is neutral.

**CONCLUSION**

In total, two factors weigh for transfer, two weigh against transfer, and four are neutral. After considering all factors, the Court finds that Target did not satisfying its burden to establish that the factors "clearly point toward" transfer. *See Vasquez*, 325 F.3d at 672. Exercising its broad discretion, the Court does not find transfer to be clearly more convenient or necessary in the interest of justice. *See id.*

For these reasons, Defendant Target Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. #21) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 22nd day of June, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE